1

2

3

4            UNITED STATES DISTRICT COURT

5                 DISTRICT OF NEVADA

6                        * * *

7    UNITED STATES OF AMERICA,                    Case No. 2:12-CR-113 JCM (VCF)

8                              Plaintiff(s),                    ORDER

9         v.

10   ROSALIO ALCANTAR, et al.

11                            Defendant(s).

12

13          Presently before the court is defendant Anthony Wilson's motion to terminate supervised

14   release.  (ECF No. 383).

15          On May 31, 2012, defendant plead guilty to count one of the information alleging

16   conspiracy to commit mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1349.

     (ECF Nos. 44, 72, 374, 383).  On November 17, 2015, defendant was sentenced to time served,
17
     supervised release for two years with special conditions, and payment of $115,700 in restitution.
18
     (ECF Nos. 369, 374).
19
            Defendant now asserts that he has been compliant with all of the terms of his supervised
20
     release, including the special condition regarding community service.  (ECF No. 383).  He now
21
     lives in California and requests that supervised release be terminated at this time.  (*Id.*).
22
            Pursuant to 18 U.S.C. § 3583(e), the court may, after considering the factors set forth in 18
23
     U.S.C. § 3553(a), terminate supervised release after one year "if it is satisfied that such action is
24
     warranted by the conduct of the defendant released and the interest of justice."   18 U.S.C. §
25
     3583(e)(1); *see also United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).
26
            First, defendant was convicted in relation to conspiracy to commit fraudulent activity;
27
     therefore, supervision is appropriate to protect his community, dissuade him from any future illegal
28
     activity, and ensure that plaintiff focuses on his marketing consulting employment as his income

     source.  18 U.S.C. § 3553(a); (ECF No. 383).

**James C. Mahan**
**U.S. District Judge**

Next, his sentence is hardly draconian.  On November 17, 2015, this court granted the government's motion for downward departure, and defendant's custody sentence was time served. (ECF Nos. 369, 374).  Most glaringly, the vast majority of defendant's restitution obligation is still outstanding.  *See* (ECF No. 383).  Defendant asserts that he has met his $1,000 monthly payment requirement since he began supervised release, which this court applauds.  (*Id.)*.  However, the present cumulative sum paid is relatively small compared to the sum still owed.  *See* (*id.*).

Therefore, the court finds that, after considering the factors enumerated in 18 U.S.C. § 3553(a), termination of defendant's supervised release is not warranted and would not be in the interest of justice.  18 U.S.C. § 3583(e)(1).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for termination of supervised release (ECF No. 383) be, and the same hereby is, DENIED.

DATED December 23, 2016.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 2 -